

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **I N D I C T M E N T** |
| | ) | |
| Plaintiff, | ) | 1 : 16 CR 273 |
| | ) | |
| v. | ) | CASE NO._____ |
| | ) | Title 18, Sections 875(c), |
| MICHAEL A. HAGAR, | ) | 2261A(2), United States Code |
| | ) | |
| Defendant. | ) | |

JUDGE NUGENT

The Grand Jury charges:

<u>GENERAL ALLEGATIONS</u>

At all times relevant to this Indictment:

1.     The Defendant MICHAEL A. HAGAR was a resident of Salem, Oregon.

2.     The Eaton Corporation ("Eaton") was a business with operations headquartered in Beachwood, Ohio, in the Northern District of Ohio, Eastern Division.

3.     The Goodyear Corporation ("Goodyear") was a business with operations headquartered in Akron, Ohio, in the Northern District of Ohio, Eastern Division.

4.     From in or around October 2011 to in or around August 2013, HAGAR was employed by Goodyear at a store located in the Salem, Oregon, area.

5.      From in or around September 2014 to in or around November 2015, HAGAR was employed by Eaton at a location in the Portland, Oregon, area.

6.      HAGAR was involuntarily terminated from his employment at both Goodyear and Eaton.

7.      E-mails sent to Goodyear and Eaton employees were routed through Goodyear and Eaton data centers located in the Northern District of Ohio.

8.      R.G., an individual known to the Grand Jury but not named herein, was an employee of Eaton, with an Eaton e-mail address.

9.      On May 9, 2016, HAGAR was personally served with a protective order, as that term is defined by Title 18, United States Code, Section 2266(5), to wit, a temporary stalking protective order issued on behalf of R.G., requiring HAGAR to "STOP ANY CONTACT WITH" R.G.

10.     Yahoo! was a provider of an interactive computer service, an electronic communication system and an electronic communication service engaged in interstate and foreign commerce, with data centers located outside of the states of Oregon and Ohio.

11.     Hotmail was a provider of an interactive computer service, an electronic communication system and an electronic communication service engaged in interstate and foreign commerce, with data centers located outside of the states of Oregon and Ohio.

HAGAR'S COURSE OF CONDUCT

12.     From in or around December 2015 to in or around June 2016, HAGAR engaged in a course of conduct designed to cause substantial emotional distress to the following people and their immediate family members, spouses and intimate partners:

   a.   His former co-workers at Eaton, including R.G., J.R., A.M, M.E., and C.B.;

2

b.  His former co-workers at Goodyear, including L.H. and R.D.; and

c.  Law enforcement officials in the State of Oregon, including M.M., J.L., C.W., and T.B.

13.  In carrying out this course of conduct, HAGAR used Yahoo! and Hotmail e-mail accounts to send threatening, harassing and intimidating e-mails to the above individuals at their respective Eaton, Goodyear and Oregon law enforcement email addresses.

14.  The e-mails that HAGAR sent to the Eaton and Goodyear employees travelled through Eaton and Goodyear data centers located in the Northern District of Ohio.

15.  On or about March 11, 2016, HAGAR was arrested for trespassing on Goodyear property in Oregon. Following his arrest, HAGAR continued to send threatening and harassing emails to Goodyear employees, at their Goodyear e-mail accounts, including Goodyear employees R.D. and L.H. As a result of HAGAR's trespass and continued conduct, Goodyear hired private detectives to provide security for its employees and property, and to monitor HAGAR's conduct.

16.  From on or about May 9, 2016, and continuing through June 3, 2016, after personally receiving the temporary stalking protective order on behalf of R.G., HAGAR continued to send numerous threatening and harassing e-mails to R.G. in violation of the protective order. In doing so, HAGAR addressed the e-mails to R.G. and to Oregon law enforcement officials, among others. These e-mails included, among others, a May 30, 2016, e-mail to R.G. and Oregon law enforcement officials, with the subject line: "I AM GOING TO RUIN EVERYONE OF YOU[R] LIVES," and the e-mails referenced in Counts 2 and 3 of this indictment.

3

17.     HAGAR sent the above-referenced emails for the purpose of issuing a threat, and with knowledge that the communication would be viewed as a threat.

18.     The above-referenced emails caused, attempted to cause and would be reasonably expected to cause substantial emotional distress to the recipient(s).

## COUNT 1
CYBERSTALKING
(18 U.S.C. §§ 2261A(2)(B) and 2261(b)(6))

19.     The factual allegations of Paragraphs 1 through 18 of this Indictment are hereby re-alleged and incorporated as if set forth fully herein.

20.     From in or around December 2015 to in or around June 2016, Defendant MICHAEL A. HAGAR, in the Northern District of Ohio, Eastern Division, and elsewhere, with the intent to kill, injure, harass, intimidate, and place under surveillance with intent to kill, injure, harass and intimidate another person, to wit, R.G., used any interactive computer service and electronic communication service and electronic communication service of interstate commerce and any other facility of interstate and foreign commerce, to wit, his Yahoo! and Hotmail e-mail accounts, to engage in a course of conduct, to wit, the course of conduct alleged in Paragraphs 1 through 18 of this Indictment, that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to R.G., R.G.'s immediate family members, and R.G.'s spouse and intimate partners, and committed the offense conduct in violation of a protection order as that term is defined by Title 18, United States Code, Section 2266(5).

All in violation of Title 18, United States Code, Sections 2261A(2)(B) and 2261(b)(6).

## COUNT 2
Interstate Threatening Communication
(18 U.S.C. §875(c))

The Grand Jury further charges:

21.     The factual allegations of Paragraphs 1 through 18 of this Indictment are hereby re-alleged and incorporated as if fully set forth herein.

22.     On or about June 2, 2016, the Defendant, MICHAEL A. HAGAR, in the Northern District of Ohio, Eastern Division, and elsewhere, transmitted in interstate and foreign commerce any communication containing any threat to injure the person of another, to wit, Defendant MICHAEL HAGAR sent an e-mail from his residence in Oregon by means of a communication in interstate commerce, to individuals including R.G., C.B., A.M., J.R., M.E., to whom the e-mail travelled to data centers maintained by Eaton in the Northern District of Ohio, and to M.M, J.L, C.W, M.R., and T.B., all individuals known to the grand jury but not named herein, containing the threat to injure those individuals as follows:

    a.  The subject line of the email read, "[Michael Hagar] I ONLY HAVE TO S[H]OOT YOUR KNEE CAP" and the body of the email stated "AND YOU WILL NEVER WALK AGAIN[ ]"

All in violation of Title 18, United States Code, Section 875(c).

## COUNT 3
Interstate Threatening Communication
(18 U.S.C. §875(c))

23.     The factual allegations of Paragraphs 1 through 18 of this Indictment are hereby re-alleged and incorporated as if fully set forth herein.

24.     On or about June 2, 2016, the Defendant, MICHAEL A. HAGAR, in the Northern District of Ohio, Eastern Division, and elsewhere, transmitted in interstate and foreign commerce

any communication containing any threat to injure the person of another, to wit, Defendant MICHAEL HAGAR sent an e-mail from his residence in Oregon by means of a communication in interstate commerce, to individuals including R.G., C.B., A.M., J.R., M.E., to whom the e-mail travelled to data centers maintained by Eaton in the Northern District of Ohio, and to M.M, J.L, C.W, M.R., and T.B., all individuals known to the grand jury but not named herein, containing the threat to injure those individuals as follows:

      a.  The subject line of the email read, "[Michael Hagar] I AM GOING TO SHOOT ONE OF MY GUARDS SOON" and the body of the email stated "AND THEN I WILL MAKES CERTAIN ALL OF YOU ARE SHOT ALSO."

All in violation of Title 18, United States Code, Section 875(c).

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.

6