**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL HAGAR, | ) CASE NO. 1:16 CR 273 |
| Petitioner, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| UNITED STATES OF AMERICA, | ) MEMORANDUM OPINION |
| Respondent. | ) AND ORDER |

This matter comes before the Court upon Michael Hagar's (hereinafter "Mr. Hagar") pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF #148). The petition raises three grounds for relief: (1) ineffective assistance of counsel, (2) denial of the right to a speedy trial, and (3) prosecutorial misconduct. The Government filed a Response in Opposition and Mr. Hagar filed a Reply. (ECF #150, 153).

**Background**

On March 1, 2019, following a jury trial, Mr. Hagar was convicted of: (1) cyberstalking in violation of a protective order, in violation of 18 U.S.C. §§ 2261A(2)(B), and 2261(b)(6), and (2) two counts of making an interstate threatening communication, in violation of 18 U.S.C. § 875(c). (ECF # 98). He was sentenced to 180 months imprisonment on June 7, 2019. (ECF #112). The United States Court of Appeals for the Sixth Circuit affirmed the trial court's judgment on appeal. Subsequently, Mr. Hagar filed a petition for certiorari in the U.S. Supreme Court which was denied on January 11, 2021.

Mr. Hagar filed the instant motion on August 16, 2021. He now seeks to correct his sentence pursuant to U.S.C. § 2255 on the basis that he is being held in violation of the right to effective assistance of counsel, the right to a speedy trial, and his right under Fifth Amendment Due Process Clause to be free from prosecutorial misconduct.

## Legal Standard

A petitioner that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Once a defendant has waived or exhausted his right to appeal, "we are entitled to presume he stands fairly and finally convicted." *Id.* at 164. Thus, to prevail on a § 2255 motion, Mr. Hagar must prove by a preponderance of the evidence that his constitutional rights were denied or infringed. *United States v. Wright*, 624 F.2d 557, 558 (5th Cir. 1980).

## Analysis

### A. Ineffective Assistance of Counsel

Mr. Hagar raised a claim of ineffective assistance of counsel on essentially three grounds: (1) counsel's failure to obtain certain documents and records; (2) counsel's failure to assert an improper venue argument; and (3) counsel's failure to request the District Court rule on his two Motions to Dismiss. In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 686-88 (1984). A petitioner must also establish prejudice. To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Judicial scrutiny of counsel's performance must be "highly deferential" and counsel's conduct should be evaluated from "counsel's perspective at the time." *Id.* at 689.

Mr. Hagar's first and primary allegation is that his trial attorney failed to obtain relevant documents, invoices, and records. In support of his ineffective assistance of counsel claim, Mr. Hagar asserts that his attorneys failed to obtain a copy of an email with the header listing the IP address, information from the Oregon Employment Department, invoices from Eaton's private security firm, data from T-Mobile for Mr. Hagar's prepaid cellphone, and the spreadsheet from Goodyear detailing their expenses incurred from hiring a private security firm to observe Mr. Hagar. In order to show that Mr. Hagar's counsel provided ineffective counsel by failing to obtain certain documents, Mr. Hagar must specifically explain what should have been obtained and why. *United States v. Robson*, 307 F. App'x 907, 910 (6th Cir. 2009).

Mr. Hagar claims that the email with the header listing the IP address would have established his burden of proof for his second motion to dismiss and would have demonstrated that venue was improper. However, the recipient of the email was in the Northern District of

3

Ohio and therefore the location of the server outside the Northern District of Ohio was irrelevant and knowledge of the location of the server would not have resulted in a different outcome in terms of the motion or at trial.

Mr. Hagar also asserts that the information Eaton provided to the Oregon Employment Department regarding Mr. Hagar's termination would show that Ryan Keen's statement to Deputy Woodward about an investigation into Mr. Hagar throwing chairs at the workplace was false. He also argues that the invoices from Eaton's security company would show what dates security was hired for Mr. Raulino's home and for the Wilsonville facility and would prove that Marc Elliot and Joseph Raulino gave false testimony at trial. Lastly, Mr. Hagar claims that the spreadsheet from Goodyear and his cellphone data would show that he did not travel to Eaton's facility in Wilsonville at 3:00PM Monday through Friday, and, therefore, testimony given at trial that he was spotted outside the facility was false. The court is required to examine a counsel's conduct from the counsel's perspective at the time of the conduct. *Id.* At 689. Mr. Hagar's counsel, during discovery, had no reason to believe that false testimony would be given at trial. Further, even if this information had been introduced at trial, overwhelming evidence, such as the emails sent by Mr. Hagar himself, still existed for the jury to find Mr. Hagar guilty of cyberstalking and making interstate threatening communications. As a result, Mr. Hagar cannot show that a failure to procure this information deprived him of a fair trial and led to an unreliable result.

Mr. Hagar's second allegation is that the Northern District of Ohio was an improper venue, and his trial attorney was ineffective for failing to pursue this issue pre- and post-trial. Mr. Hagar claims that had his trial attorney obtained a copy of an email with the header listing the IP addresses, he could have demonstrated that venue was improper. The improper venue claim was raised on direct appeal and decided against Mr. Hagar. Mr. Hagar cannot relitigate an

4

issue already raised on appeal unless "highly exceptional circumstances" exist, "such as an intervening change in the law." *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996); *Ford v. United States*, 36 F.3d 1097 (6th Cir. 1994).

Even if Mr. Hagar had not already raised the venue issue on direct appeal, his improper venue claim would fail because one of the victims received the threatening emails in the Northern District of Ohio. *United States v. Hagar*, 822 F. App'x 361, 370 (6th Cir. 2020), cert. denied, 141 S. Ct. 1115, 208 L. Ed. 2d 557 (2021). *See also United States v. Jeffries*, 692 F.3d 473, 483 (6th Cir. 2012) (finding venue proper in the district where the video link was received despite it being recorded and uploaded in another district). Venue is also not a jurisdictional issue and is therefore not cognizable under § 2255. *Williams v. U.S.*, 582 F.2d 1039, 1041 (6th Cir. 1978); *see also Patton v. U.S.*, 281 U.S. 276, 298 (1930) (stating that Article III, Section II of the Constitution is not jurisdictional). Therefore, this Court finds that Mr. Hagar's counsel was not ineffective on these grounds.

Mr. Hagar claimed ineffective assistance of counsel for failure to request that the District Court rule on his two Motions to Dismiss for violation of a speedy trial. Although the Sixth Circuit did not reach the merits on the speedy trial grounds because they found that Mr. Hagar waived his claims by failing to request a ruling, the court opined that "even if we ruled on Hagar's claims he would still lose." *Hagar,* 822 F. App'x at 368. Therefore, even if counsel made an error, Mr. Hagar cannot establish reasonable probability of a different outcome sufficient to prove ineffective counsel.

Finally, Mr. Hagar claims ineffective assistance of counsel regarding his prosecutorial misconduct claim. Specifically, Mr. Hagar alleges that his counsel was ineffective in not obtaining information regarding the true location of Eaton's server from the Government. It is unclear whether this claim applies to Mr. Hagar's trial counsel or appellate counsel. Regardless,

5

Mr. Hagar has failed to prove that the Government committed misconduct. Therefore, Mr. Hagar cannot prove that he was prejudiced by counsel's failure to obtain the information allegedly concealed by the Government. This Court concludes that Mr. Hagar has failed to show that his counsel was ineffective under *Strickland*. 466 U.S. 668 (1984).

### B. Right to Speedy Trial

Mr. Hagar also claims that he is being held in violation of the Speedy Trial Act, 18 U.S.C. §§ 3161, et seq., and the Sixth Amendment right to a speedy trial. Mr. Hagar claims that the district court erred in failing to decide on his motions to dismiss, which were based on the alleged violation of the Speedy Trial Act. The Sixth Circuit found that Mr. Hagar waived his speedy trial claims. The Sixth Circuit stated that Mr. Hagar's failure to secure rulings on his motions in the district court amounted to an abandonment of the claims. 822 F. App'x at 368. *See also United States v. Harris*, 165 F.3d 1062, 1066 (6th Cir. 1999) (finding the appellant abandoned his claim on appeal by failing to request a ruling on a discovery motion at trial or at the final pretrial conferences). In addition, "a § 2255 motion may not be used to relitigate an issue that was raised on appeal." *DuPont*, 76 F.3d at 110. Mr. Hagar, himself, admits that he already raised this issue in his appeal to the Sixth Circuit. This Court finds that Mr. Hagar is procedurally barred from bringing a claim for violation of the right to a speedy trial because he abandoned his claim, and the issue was already litigated on direct appeal.

### C. Prosecutorial Misconduct

Mr. Hagar claims that the government committed prosecutorial misconduct by using false information to obtain an arrest warrant and later an indictment. He contends that the Government violated his right to effective assistance of counsel, when it concealed the true location of Eaton's server for over a two-year period. Mr. Hagar admitted he did not raise his prosecutorial misconduct argument on direct appeal. (ECF # 148). A "failure to raise an argument at trial or on

6

direct appeal is waived on collateral review under § 2255, absent a showing of both cause and actual prejudice." *Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000) (citing *United States v. Frady*, 456 U.S. 152, 164-65, 167). A petitioner shows cause by establishing that he was prevented from raising a claim by an external impediment. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). As discussed above, Mr. Hagar argues in his reply to the government's response that he did not pursue a prosecutorial misconduct claim due to ineffective counsel. (ECF # 153). Mr. Hagar, himself, stated that the prosecutorial misconduct claim was not raised on direct appeal because his attorney was not required to raise every nonfrivolous issue (ECF #148). In addition, Mr. Hagar's counsel was not ineffective in failing to obtain the information allegedly concealed by the Government. As a result, this Court finds that Mr. Hagar waived his claim of prosecutorial misconduct by not raising it on direct appeal and is procedurally barred from bringing it for review under § 2255.

### D. Discovery Request

On January 3, 2022, Mr. Hagar filed a Motion to Conduct Discovery Pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings. (ECF # 156). On January 18, 2022, the Government filed their Response in Opposition. (ECF # 157). Mr. Hagar filed a Reply to the Government's Response in Opposition on January 31, 2022. (ECF #158). Under Rule 6, "a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal or Civil Procedure." 28 U.S.C.S. § 2255 Proc. R. 6(a). In order to meet the good cause requirement, a petitioner must make specific allegations that show that the petitioner may be able to demonstrate that he is entitled to relief if the facts are developed fully. *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

Mr. Hagar claims that discovery will allow him to support his claims of prosecutorial misconduct and ineffective assistance of counsel. (ECF # 156). As discussed above, Mr.

7

Haggar's prosecutorial misconduct claims are procedurally barred and as a result he fails to make a showing of good cause. *See Pizzuti v. United States*, 809 F. Supp. 2d 164, 183-84 (S.D.N.Y. 2011) (stating that the petitioner's discovery request was procedurally barred because he failed to raise the claim on direct appeal and had not shown cause or prejudice). Mr. Hagar seeks to discover a copy of an email with the header listing the IP address, information from the Oregon Employment Department, invoices from Eaton's private security firm, data from T-Mobile, and the spreadsheet from Goodyear in order to fully support his ineffective counsel claim. As discussed above, although Mr. Hagar does make specific allegations, these allegations do not establish that if the facts were developed fully, he would be entitled to relief. The overwhelming evidence presented against Mr. Hagar at trial would not be refuted by the documents requested by Mr. Hagar in his Motion to Conduct Discovery. As a result, Mr. Hagar's Motion to Conduct Discovery is DENIED.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

8

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. For the reasons stated above, the Court concludes that Mr. Hagar has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF #148) is DENIED. Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

DATED: February 1, 2022

DONALD C. NUGENT
Senior United States District Judge