IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16 CR 00273 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| MICHAEL HAGAR, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

On March 22, 2023, Defendant Michael Hagar ("Hagar") filed *Defendant's Motion for Return of Property* (ECF #165). On April 4, 2023, Plaintiff United States of America ("Government") filed an objection and opposition to Hagar's motion (ECF #169).

On April 11, 2023, this Court, exercising the equitable authority given to it, as recognized in *Henderson v. United States*, 575 U.S. 622, 625-26 (2015), issued a *Memorandum of Opinion and Order* (ECF #170), followed by a separate one-page *Order* pursuant to FED. R. CIV. P. 58 (ECF #171), denying Hagar's motion. A copy of the *Memorandum of Opinion and Order* was mailed to Hagar the same day, April 11, 2023 (Notation accompanying ECF #170), and a copy of the one-page *Order* was mailed to Hagar the following day, April 12, 2023 (Notation accompanying ECF #171).

In the *Memorandum of Opinion and Order*, this Court, after thoroughly reviewing the motion papers, as well as the trial and appellate record, found that "the danger presented to the community if Hagar's motion were to be granted is evident from the record," (ECF #170, PageID #1645), and that "Defendant Hagar fails any conceivable test under the 'unclean hands doctrine' for an order directing the government to return any of the requested property, (ECF #170, PageID #1652). The evidence supporting these findings is described throughout the *Memorandum of Opinion and Order*, (ECF #170), and particularly:

> As noted in the record, (ECF #135 [Transcript of Sentencing Hearing], PageID #1315), and as recognized and affirmed on appeal, *United States v. Hagar*, 822 F. App'x 361, 373-74 (6th Cir. 2020) (ECF #139 [Court Only], PageID #1334, 1343-46), Defendant Hagar's threatening offense conduct was "beyond the pale," and did shock the moral sensibilities of this Court. His words and conduct demonstrated his intent to carry out his violent threats, and the firearm and other property seized from him showed that he had the firearms and ammunition to do it. The record further shows that the victims of Defendant Hagar's threats remain fearful of his eventual release from custody. Returning Hagar's firearms and ammunition to his father, who lives in the same city as Defendant Hagar, where Hagar can easily exercise constructive possession of them, will only heighten these victims' legitimate fears.
>
> The doctrine of unclean hands easily warrants denial of Hagar's motion.
>
> Here, where Hagar seeks return of the very property he possessed to make his threats real, his motion fails any test related to "unclean hands."

*Memorandum of Opinion and Order* (ECF #170, PageID #1650-1651) (citation and quotation from *Bonner Farms, Ltd. v. Thomas A. Fritz, et al.*, 355 F. App'x 10 (6th Cir. 2009) omitted).

On April 20, 2023, nine days after the Court's ruling, Defendant Hagar filed *Defendant's Motion for Extension of Time*, (ECF #172), in an apparent effort to reargue his position. The Court finds that Defendant Hagar's untimely motion is moot, as the Court has already ruled on the motion, (ECF #170 & #171), denying it in its entirety.

Accordingly, *Defendant's Motion for Extension of Time* (ECF #172) is DENIED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: April 24, 2023